UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OSBORN BROADNAX,

    Petitioner,

v.

Civil Action No.
12-CV-10066

MARY BERGHUIS,

HON. MARK A. GOLDSMITH

    Respondent.
_____/

**OPINION AND ORDER GRANTING
RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, DISMISSING
PETITION FOR A WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A
CERTIFICATE OF APPEALABILITY, and DENYING PERMISSION FOR AN
APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.   INTRODUCTION**

This is a habeas case filed by a state prisoner under 28 U.S.C. § 2254. Michigan prisoner Osborn Broadnax is incarcerated by the Michigan Department of Corrections, currently housed at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan, where he is serving a life sentence for a murder conviction, concurrent with a sentence of ninety-five months to twenty years for an arson conviction. Petitioner's convictions occurred following a jury trial in the Circuit Court in Wayne County, Michigan, on July 31, 2006. He was sentenced on August 21, 2006.

Petitioner filed this habeas petition on January 6, 2012, alleging that he is unconstitutionally incarcerated because (1) the trial court erred in denying his motion for a mistrial, (2) trial counsel was ineffective, (3) the evidence was insufficient to support his convictions, (3) his rights under the

Confrontation Clause were violated, (4) the trial judge was absent during a critical stage of the proceedings, (5) the prosecutor committed misconduct by vouching for the credibility of a witness and failing to admit exculpatory evidence, and (6) appellate counsel was ineffective.

In lieu of filing an answer to the petition, on July 17, 2012, Respondent filed a motion for summary judgment on the ground that the petition was not timely filed. See Mot. for Summ. J. (Dkt. 6). To date, Petitioner has not filed a response to Respondent's motion, and the response deadline has long expired.

For the reasons stated below, the Court will grant Respondent's motion for summary judgment and dismiss the petition as time-barred. The Court also will decline to issue Petitioner a certificate of appealability and deny Petitioner leave to appeal in forma pauperis.

## II. BACKGROUND

Petitioner was charged with the murder of his girlfriend, Kimberly Butler, which occurred on March 13, 2005, in Ecorse, Michigan. The prosecutor's theory was that Petitioner doused her in gasoline and set her, and her apartment, on fire. Petitioner testified at trial and denied the charges. The jury convicted him and he was sentenced as described.

Following his convictions and sentences, Petitioner filed a direct appeal with the Michigan Court of Appeals, alleging that the trial court erred by denying his motion for a mistrial after the prosecutor elicited testimony about his post-Miranda[1] warning silence. The Court of Appeals affirmed his convictions and sentences. People v. Broadnax, No. 272783, 2008 WL 650402, at *1, 3 (Mich. Ct. App. Mar. 11, 2008). Petitioner filed an appeal from that

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

decision with the Michigan Supreme Court, but it was rejected as a late application on May 9, 2008.

On March 2, 2009, Petitioner filed a post-conviction motion for relief from judgment with the Wayne County Circuit Court, raising claims concerning the effectiveness of trial and appellate counsel, the sufficiency of the evidence, the Confrontation Clause, the trial judge's absence during a critical stage of the proceedings, and the prosecutor's conduct. The trial court denied the motion. People v. Broadnax, No. 06-004235-01-FC (Wayne Cnty. Cir. Ct. Nov. 10, 2009).

On February 25, 2011, Petitioner filed a delayed application for leave to appeal that decision with the Michigan Court of Appeals. The Court of Appeals denied the delayed application for leave to appeal "because appellant failed to file the application within the time period required by MCR 7.205(F)(3)." People v. Broadnax, No. 302753 (Mich. Ct. App. Mar. 7, 2011). On March 28, 2011, Petitioner filed an application for leave to appeal with the Michigan Supreme Court. The Michigan Supreme Court denied the application on October 24, 2011. People v. Broadnax, 804 N.W.2d 321 (Mich. 2011) (Table).

Petitioner filed his habeas petition on January 6, 2012. It is signed and dated January 2, 2012.

### III. ANALYSIS

#### A. Legal Standards

Respondent argues in her motion for summary judgment that Petitioner's habeas petition should be barred from federal habeas review by the one-year statute of limitations. A motion for summary judgment should be granted if the movant shows "that there is no genuine issue as

to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA") applies to all habeas petitions filed after the Act's effective date, April 24, 1996, and imposes a one-year limitations period for habeas petitions. 28 U.S.C. § 2244(d)(1). Petitioner's habeas petition was filed after April 24, 1996, and thus, the provisions of the AEDPA, including the limitations period for filing a habeas petition, apply. Lindh v. Murphy, 521 U.S. 320, 337 (1997).

Title 28 of the United States Code, sections 2244(d)(1)(A) through (D) state in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

diligence.

If a petitioner appeals to the Michigan Supreme Court, but does not petition the United States Supreme Court for a writ of certiorari, his judgment of conviction is finalized when the time for taking an appeal to the United States Supreme Court expires. The one-year statute of limitations does not begin to run until the day after the petition for a writ of certiorari was due in the United States Supreme Court. Bronaugh v. Ohio, 235 F.3d 280, 283-84 (6th Cir. 2000); see also Clay v. United States, 537 U.S. 522, 527 (2003) ("the federal judgment becomes final 'when this Court affirms conviction on the merits on direct review or denies a petition for a writ of certiorari,' or, if a petitioner does not seek certiorari, 'when the time for filing a certiorari petition expires'"). Under Rule 13 of the Supreme Court Rules, a petition for a writ of certiorari "is timely when it is filed with the Clerk of this Court within 90 days after entry of judgment." Sup. Ct. R. 13. The statute of limitations may be tolled statutorily by a properly filed motion for post-conviction relief, or equitably by the Court, under limited circumstances.

However, when, as in this case, Petitioner only appeals his judgment of conviction to the Michigan Court of Appeals and fails to properly file an application for leave to appeal to the Michigan Supreme Court, the additional ninety days for filing an appeal to the United States Supreme Court is not taken into account. Gonzalez v. Thaler, 132 S. Ct. 641, 653-54 (2012) (clarifying that when a petitioner does "not appeal to the State's highest court, his judgment [becomes] final when his time for seeking review with the State's highest court expire[s]"). Here. Petitioner had fifty-six days to file an appeal in the Michigan Supreme Court, the highest court in the State. MCR 7.302(C). The expiration of the fifty-six days represents the expiration of the time for seeking direct review of Petitioner's judgment of conviction and,

5

therefore, the one-year statute of limitations begins to run at that time. Gonzalez, 132 S. Ct. at 653-54.

However, under § 2244(d)(2), the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending tolls any period of limitation contained in the statute. A post-conviction motion is "properly filed" under the statute if it meets the applicable state rules governing filing. Artuz v. Bennett, 531 U.S. 4, 8 (2000). Tolling is effective only when collateral review is properly sought within the limitations period. Id. The limitations period also is tolled during the time period between the state appellate court's decision and the state supreme court's decision concerning the petition. Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Matthews v. Abramajtys, 319 F.3d 780, 787-88 (6th Cir. 2003). A properly filed application for state post-conviction relief, while tolling the statute of limitations, does not start a new limitations period. Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir. 2003). And once the limitations period is expired, collateral petitions can no longer serve to avoid the limitations period. Ege v. Yukins, 485 F.3d 364, 371-72 (6th Cir. 2007); 28 U.S.C. §2244(d)(2).

Additionally, the statute of limitations is not tolled during the pendency of a certiorari petition in the United States Supreme Court seeking review of the denial of state post-conviction relief. Lawrence v. Florida, 549 U.S. 327, 329 (2007).

A habeas petition filed outside the time period prescribed must be dismissed. See Isham v. Randle, 226 F.3d 691, 694-95 (6th Cir. 2000), overruled on other grounds by Abela v. Martin, 348 F.3d 164, 172-73 (6th Cir. 2003) (dismissing a habeas case filed thirteen days after the limitations period expired as untimely); Neal v. Bock, 137 F. Supp. 2d 879, 885 (E.D. Mich.

2001) (dismissing as untimely a habeas petition filed over one month after the limitations period had expired).

### B. Petitioner's Habeas Petition Is Untimely Under the Statute

In this case, Petitioner's expiration for seeking direct review under § 2244(d)(1)(A) was May 6, 2008, fifty-six days after the Michigan Court of Appeals affirmed his convictions and sentences on March 11, 2008. Thus, the limitations period began to run the next day, May 7, 2008, and Petitioner had one year, or until May 7, 2009, in which to file his habeas petition, or to instead properly file a post-conviction motion in the state court, which would toll the one-year limitations period.

Indeed, Petitioner filed his post-conviction motion in state court on March 2, 2009 – 299 days after the limitations period began running. That filing tolled the period, leaving him with sixty-six days in which to file his habeas petition, once the collateral review concluded. The state trial court denied Petitioner's post-conviction motion on November 10, 2009. He then had twenty-one days in which to file an application for leave to appeal that decision, or one year in which to file a delayed application for leave to appeal the decision, with the Michigan Court of Appeals. MCR 7.205(A)(2); (F)(3) (the current version of the rule has been amended, effective September 1, 2011, giving six months in which to file a delayed application). Hence, Petitioner had until November 10, 2010, in which to file his delayed application for leave to appeal with the Court of Appeals. The limitations period began to run the next day, on November 11, 2010, and Petitioner had sixty-six days remaining in which to file his habeas petition, or until January 16, 2011.

Petitioner did not file a delayed application for leave to appeal the state court's denial of

his post-conviction motion with the Michigan Court of Appeals until February 25, 2011. That filing did not toll the limitations period because the limitations period had already expired on January 16, 2011, and there was no time left to toll. Moreover, the delayed application was not filed within the then one-year period prescribed by Michigan's Court Rule 7.205(F)(3), which has since been amended as described. Only a timely appeal tolls the one-year limitations period under the AEDPA. See Evans v. Chavis, 546 U.S. 189, 197 (2006) (only a timely appeal tolls the AEDPA's one-year limitations period for the time between the lower court's adverse ruling and the filing of a notice of appeal in the higher court). In this case, the Michigan Court of Appeals dismissed the delayed application as untimely on March 7, 2011, and the Michigan Supreme Court denied his application for leave on October 24, 2011. At the time that Petitioner filed his habeas petition with this Court, almost a full year had passed since the limitations period had expired. Accordingly, the Court concludes that Petitioner's habeas petition was filed outside the limitations period.

### C. Petitioner Not Entitled to Equitable Tolling

The next question is whether Petitioner is entitled to equitable tolling of the limitations period. The United States Supreme Court has confirmed that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). The Holland Court held that a habeas petitioner is entitled to equitable tolling "only if he [or she] shows '(1) that he [or she] has been pursuing his [or her] rights diligently, and (2) that some extraordinary circumstance stood in his [or her] way' and prevented timely filing." Id. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Hall v. Warden, Lebanon Corr. Inst., 662 F.3d 745, 750 (6th Cir. 2011) ("With Holland now on the books, the

'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit). "Equitable tolling is granted sparingly and is evaluated on a case-by-case basis, with the petitioner retaining the 'ultimate burden of persuading the court that he or she is entitled to equitable tolling.'" Keeling v. Warden, Lebanon Corr. Inst., 673 F.3d 452, 462 (6th Cir. 2012) (quoting Ata v. Scutt, 662 F.3d 736, 741 (6th Cir. 2011)).

Petitioner has not filed a response to Respondent's motion for summary judgment and thus has not presented grounds for equitable tolling under Holland. He has neither pursued his rights diligently with respect to this petition nor has he shown that some extraordinary circumstance stood in his way.

Next, the Court must decide whether equitable tolling should apply to Petitioner's case on the ground of actual innocence. The applicability of equitable tolling on the ground of actual innocence has yet to be decided by the Supreme Court but is recognized by the Sixth Circuit. Souter v. Jones, 395 F.3d 577, 599 (6th Cir. 2005). To support a claim of actual innocence, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Schlup v. Delo, 513 U.S. 298, 328 (1995). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence–that was not presented at trial." Id. at 324. Actual innocence means "factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).

Again, Petitioner makes no such showing, as he has neither alleged nor met the stringent

standard for establishing a credible claim of actual innocence. Therefore, the Court concludes that Petitioner is not entitled to equitable tolling under either Holland or Souter. Having failed to establish entitlement to either statutory or equitable tolling, Petitioner's habeas petition must be dismissed as untimely.

### D. Petitioner Not Entitled to a Certificate of Appealability

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2). "The district court must issue or deny a [COA] when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a COA should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. Id.

The Court declines to issue Petitioner a COA, because reasonable jurists would not find it debatable whether the Court was correct in determining that Petitioner had filed his habeas petition outside of the one-year limitations period. See Grayson v. Grayson, 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002). Accordingly, a COA is not warranted; any appeal would be

frivolous.  See Fed. R. App. P. 24(a).  Additionally, to the extent that Petitioner might seek leave to proceed on appeal in forma pauperis, such motion will be denied.

## IV.  CONCLUSION

The Court concludes that Petitioner failed to file his habeas petition within the applicable statute of limitations period.  Accordingly, the Court grants Respondent's motion for summary judgment (Dkt. 6) and denies with prejudice Petitioner's request for habeas relief (Dkt. 1).  Finally, the Court declines to issue Petitioner a COA and Petitioner is denied leave to appeal in forma pauperis.

SO ORDERED.

Dated:  November 28, 2012  
       Flint, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 28, 2012.

s/Deborah J. Goltz  
DEBORAH J. GOLTZ  
Case Manager